**MEDEL, et al v. DIXIE ASPHALT CO., Inc., et al.**
No. 73-2457-CA(L)01.
Circuit Court, Palm Beach County.
March 7, 1975.

Richard J. Barron of Hamilton, James, Merkle & Young, West Palm Beach, for the plaintiffs.

Stephen C. McAliley of Carlton, Brennan, McAliley, Albury & Hayskar, West Palm Beach, for the defendants.

LEWIS KAPNER, Circuit Judge.

This case came on before me on the plaintiffs' motion to tax costs and the defendants' motion to strike the plaintiffs' acceptance of the offer of judgment.

The offer of judgment by the defendants was in the amount of $3,500. The offer made no reference to costs and did not include the words "with costs then accrued."

The plaintiffs' acceptance of that offer was —

> "Please take notice that the plaintiffs accept the offer of judgment served by the defendants on January 10, 1975, allowing the plaintiffs to take judgment in this action for thirty five hundred dollars ($3,500) plus the costs accrued up to the making of said offer."

The defendants then filed a motion to strike this acceptance on the grounds that the plaintiffs attempted to accept more than was offered.

This court's initial view was that the offer of judgment did not comply with FRCP 1.442; that there was no valid acceptance of the offer that was made and that consequently the cause should be again placed on the trial docket.

However counsel for both parties have stipulated that the court consider the offer as if it had contained the words "with costs then accrued," and as if the acceptance had been unconditional.

The question, therefore, becomes whether or not an offer of judgment in a certain amount "with costs then accrued," and an acceptance of that offer, results in a final judgment in that amount with no taxation of costs or whether the plaintiffs can then seek taxation of costs which accrued before the date of the offer of judgment.

There appears to be no Florida authority on this question and very little authority under Federal Rule 68.

It appears to this court, and the court so rules, that an offer of judgment made in compliance with Rule 1.442 and accepted without condition, as it must be, results in the entry of a judgment in the exact amount set forth in the offer of judgment and does not contemplate the taxation of costs.

It appears to the court that a contrary result would be unworkable. The defendants would not know how much money it was offering in settlement because the defendants would not know what taxable costs had been expended by the plaintiffs. For example, the plaintiffs, unknown to the defendants, might have retained a traffic reconstruction expert or incurred other such expenses unknown to and not contemplated by the defendants. It is the court's opinion that a ruling subjecting the defendants to taxation of those costs which might well be unknown to the defendants, would result in very little use of FRCP 1.442.

On the other hand the plaintiffs know the amount of costs they have expended when the offer of judgment is received and can take that into consideration when deciding whether or not the offer should be accepted.

Wherefore, it is ordered and adjudged that final judgment be and the same is hereby entered in favor of the plaintiffs Vincente B. Medel and Magdalena Medel, his wife, and against the defendants, Dixie Asphalt Company, Inc., a Florida corporation, and Jama Helen Eaton, in the amount of $3,500, for which let execution issue.

It is further ordered and adjudged that the plaintiffs' motion to tax costs be and the same is hereby denied.